UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

**GELAREH GOODARZI,**

Plaintiff,

v.

**FLORIDA DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES,**

Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **GELAREH GOODARZI** ("Plaintiff"), by and through her undersigned counsel, sues Defendant, **FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES** ("Defendant"), and states as follows:

**INTRODUCTION**

1. This is an action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Florida Civil Rights Act ("FCRA").

2. Plaintiff alleges she was discriminated against on the basis of her sex (female/mother), her national origin (Middle Eastern descent), and her disability (back impairment), and that she was retaliated against for requesting leave to care for her sick child and for opposing unlawful employment practices.

- 1 -

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. This Court has supplemental jurisdiction over the state law claims (FCRA) pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district (specifically, Plaintiff's employment and termination in Pinellas County/Clearwater area), and Plaintiff resides within this district.

## PARTIES

6. Plaintiff, GELAREH GOODARZI, is a female resident of Palm Harbor, Florida. At all times material hereto, she was an "employee" of Defendant as defined by Title VII, the ADA, the FMLA, and the FCRA.

7. Defendant, FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, is a state agency organized under the laws of Florida. At all times material hereto, Defendant was an "employer" engaged in an industry affecting commerce and employed more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") (EEOC Charge No. 510-2025-02949).

9. On November 24, 2025, the EEOC issued a Notice of Right to Sue.

10. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on or about April 24, 2024, working as an Agriculture Technician responsible for visiting and trapping dangerous tree bugs in the St. Petersburg/Clearwater area.

12. Throughout her employment, Plaintiff performed her duties successfully—including detecting test samples on multiple occasions—and was previously told she was "one of the best employees" and had "never been counseled" for performance issues.

13. Plaintiff is a mother of a five-year-old daughter.

14. Plaintiff is of Middle Eastern descent and was the only employee in her department of such descent.

15. On or about Wednesday, March 5, 2025, Plaintiff's daughter contracted a severe infection requiring medical treatment. Plaintiff requested unpaid time off to care for her, including leaving early on March 5 and arriving late on March 6 for a doctor's follow-up. Despite the child needing to stay home for approximately seven days, Supervisor

- 3 -

Grayson Grumme reacted with hostility and refused to allow Plaintiff the necessary time off.

16. Plaintiff also suffers from a physical impairment that causes severe back and tailbone pain, which constitutes a disability under the ADA and FCRA.

17. Plaintiff complained to Supervisor Grumme that the work vehicle assigned to her had a tight steering wheel and stiff suspension that exacerbated her severe back pain.

18. Instead of engaging in an interactive process or providing a reasonable accommodation, Defendant retaliated by replacing her vehicle with an even older, severely degraded truck nearing the end of its life cycle. In stark contrast, Defendant assigned better, safer vehicles to similarly situated Caucasian employees (including "James," "Camron," and "Kristin"), while reserving the worst, most degraded vehicles for Plaintiff (the sole Middle Eastern employee) and a prior Asian employee.

19. Following Plaintiff's requests for leave to care for her daughter and her complaints regarding the vehicle, Supervisor Grumme began to subject Plaintiff to hostile, disparate treatment compared to her male, non-disabled, and non-Middle Eastern co-workers.

20. The disparate treatment alleged herein was, in addition to her gender, a direct result of her being of Middle Eastern descent and her national origin.

21. Although the "National Origin" box was not explicitly checked on Plaintiff's EEOC Charge, her claims of national origin discrimination are inextricably intertwined with and reasonably related to the factual narrative of disparate treatment, hostility, and "over-scrutinizing" outlined in her Charge. Because Plaintiff was the sole Middle Eastern employee in her department, a reasonable administrative investigation into her

complaints of targeted hostility and "change in treatment" by Supervisor Grumme would have inevitably encompassed discrimination based on her Middle Eastern descent.

22. Specifically, on or about March 11, 2025, Supervisor Grumme threatened Plaintiff with termination and imposed hostile, impossible performance standards. He demanded Plaintiff maintain no more than a 15-minute gap between tree inspections—whereas other employees averaged 30 minutes—and subjected her to such extreme micromanagement that she was required to text him for permission merely to use the restroom while in the field.

23. On or about March 12, 2025, Plaintiff sent an email to Defendant's Human Resources department and management specifically complaining about the discriminatory "change in treatment" she was experiencing from Supervisor Grumme.

24. Defendant's Human Resources department failed to investigate the discriminatory treatment alleged in Plaintiff's email. Instead, they merely asked if she needed health benefits, completely ignoring the substance of her complaint regarding disparate treatment.

25. Prior to her termination, Plaintiff was a highly valued employee who had successfully interviewed for, and was in the process of securing, a better position at Defendant's Tampa office, having developed a strong professional relationship with the Tampa Supervisor.

26. On April 8, 2025, instead of allowing Plaintiff's transfer to proceed, Defendant terminated Plaintiff's employment.

27. Defendant's stated reason for termination was "performance." This reason was false and a pretext for unlawful discrimination and retaliation, given Plaintiff's prior positive feedback, lack of disciplinary history, and pending transfer.

## COUNT I
## SEX DISCRIMINATION
*(Title VII of the Civil Rights Act of 1964)*

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

29. Title VII prohibits discrimination against an employee with respect to her compensation, terms, conditions, or privileges of employment because of such individual's sex.

30. Plaintiff is a member of a protected class (female/mother).

31. Plaintiff was qualified for her position and performed her duties satisfactorily.

32. Defendant treated Plaintiff less favorably than similarly situated male employees or employees without childcare responsibilities.

33. Specifically, Defendant scrutinized Plaintiff's work more harshly and terminated her employment based on "sex-plus" discrimination (gender plus status as a mother with childcare responsibilities).

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and emotional distress.

## COUNT II
## DISABILITY DISCRIMINATION
*(Americans with Disabilities Act - ADA)*

35. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

36. At all times material, Plaintiff had a physical impairment (severe back condition) that substantially limited one or more major life activities, had a record of such impairment, or was regarded as having such impairment.

37. Plaintiff was a "qualified individual" under the ADA who could perform the essential functions of her job with or without reasonable accommodation.

38. Plaintiff requested a reasonable accommodation: a work vehicle that did not exacerbate her severe back pain.

39. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith. Instead, Defendant assigned Plaintiff an inferior, severely degraded vehicle that worsened her condition.

40. Defendant terminated Plaintiff's employment, at least in part, because of her disability and her requests for accommodation.

41. As a direct and proximate result, Plaintiff has suffered damages.

## COUNT III
## RETALIATION
*(Title VII and ADA)*

42. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

43. Plaintiff engaged in protected activity under Title VII and the ADA by:

    a. Requesting a reasonable accommodation for her disability (vehicle change); and

    b. Submitting a formal complaint/email on or about March 12, 2025, regarding the "change in treatment" and disparate scrutiny she faced from Supervisor Grumme.

44. Subsequent to and in close temporal proximity to these protected activities, Defendant took adverse employment actions against Plaintiff, including increasing scrutiny of her work, imposing impossible performance standards, assigning her a worse vehicle, thwarting her transfer to the Tampa office, and terminating her employment on April 8, 2025.

45. A causal connection exists between Plaintiff's protected activity and the adverse actions.

46. Defendant's stated reasons for the adverse actions were pretextual.

## COUNT IV
## INTERFERENCE AND RETALIATION
*(Family and Medical Leave Act - FMLA)*

47. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

48. Plaintiff was an eligible employee under the FMLA, and Defendant was a covered employer.

49. Plaintiff was entitled to FMLA leave to care for her daughter, who suffered from a serious health condition beginning on or about March 5, 2025.

50. Plaintiff provided Defendant with notice of her need for leave.

51. Defendant interfered with Plaintiff's exercise of her FMLA rights by reacting with hostility to her requests, refusing to grant the necessary time off, and penalizing her for requesting leave.

52. Defendant retaliated against Plaintiff for exercising her FMLA rights by subjecting her to heightened scrutiny, micromanagement, and terminating her employment.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (FCRA)
*(Sex and Disability Discrimination and Retaliation)*

53. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

54. The FCRA, Chapter 760, Florida Statutes, prohibits discrimination based on sex and handicap/disability, as well as retaliation for opposing such discrimination.

55. The facts alleged herein constitute a violation of the FCRA.

56. Plaintiff has exhausted her administrative remedies under the FCRA.

57. Defendant's conduct in terminating Plaintiff was based on her sex, her handicap, and/or in retaliation for her protected activities.

## COUNT VI
## NATIONAL ORIGIN DISCRIMINATION
*(Title VII of the Civil Rights Act of 1964)*

58. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

59. Title VII prohibits discrimination against an employee with respect to her compensation, terms, conditions, or privileges of employment because of such individual's national origin.

60. Plaintiff is a member of a protected class based on her national origin and Middle Eastern descent.

61. Plaintiff was qualified for her position and performed her duties satisfactorily.

62. Defendant treated Plaintiff less favorably than similarly situated employees outside of her protected class, as she was the sole Middle Eastern employee in her department and was

subjected to targeted, hostile scrutiny, inferior equipment assignments, and disparate performance standards by Supervisor Grumme.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and emotional distress.

## COUNT VII
## RETALIATION BASED ON NATIONAL ORIGIN
*(Title VII of the Civil Rights Act of 1964)*

64. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

65. Plaintiff engaged in statutorily protected activity when she opposed the discriminatory "change in treatment" she was experiencing, which was directly related to her gender and her status as the only employee of Middle Eastern descent in her department.

66. Subsequent to her complaints to management and Human Resources, Defendant took adverse employment actions against Plaintiff, including issuing her an inferior, high-mileage vehicle, thwarting her inter-office transfer, and terminating her employment.

67. A causal connection exists between Plaintiff's opposition to her discriminatory treatment and her termination.

68. Defendant's stated reasons for the adverse actions were pretextual.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GELAREH GOODARZI, respectfully requests that this Court enter judgment in her favor and against Defendant, FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, and grant the following relief:

A. Declare that the acts and practices complained of herein are in violation of Title VII, the ADA, the FMLA, and the FCRA;

B. Issue a permanent injunction enjoining Defendant from continuing to violate these statutes;

C. Order the reinstatement of Plaintiff to her former position, or in the alternative, award front pay;

D. Award Plaintiff back pay, including all sums of money Plaintiff would have earned but for Defendant's unlawful actions, plus prejudgment interest;

E. Award Plaintiff compensatory damages for emotional distress, pain, and suffering;

F. Award Plaintiff liquidated damages under the FMLA;

G. Award Plaintiff her reasonable attorneys' fees and costs of this action; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of February, 2026.

Respectfully submitted,
**DISCRIMINATION LAW, P.A.**
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Telephone: (561) 271-1769
Email: jromanopa@gmail.com

*By: /s/ Jay Romano*
**JAY F. ROMANO, ESQ.**

- 12 -

                                        Florida Bar No.: 0934097
                                          *Attorney for Plaintiff*